STATE OF MISSOURI, Respondent, v. CHARLES ROBERTSON, Appellant.

Kansas City Court of Appeals, January 10, 1887.

DRUGGISTS—SALE OF INTOXICATING LIQUORS BY—ACTS OF 1881 AND OF 1879.—The act of 1881 (Laws of Mo. 1881, p. 130), entitled "An act to regulate the sale of medicines and poisons by druggists and pharmacists," repealed the act of 1879, respecting the sale of intoxicating liquors by druggists. Under the former (Acts of 1881) a registered pharmacist was authorized to sell intoxicating liquors of medical utility, for medical purposes, in less quantity than one gallon, without having the prescription of a physician therefor, and without having a license as a dramshop keeper, provided it be done in good faith. *State v. Roller*, 77 Mo, 120.

APPEAL from Harrison Circuit Court, HON. JOHN C. HOWELL, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

B. G. BOONE, Attorney General, EMMET PHILIPS, for the state.

I. To keep a dramshop a person must have a license as a dramshop keeper. Sect. 5456, Rev. Stat.

II. The acts of 1881 (Laws of Mo. 1881, p. 130) regulate the sale in this case. This act was passed on in *State v. Roller* (77 Mo. 120). See dissenting opinion of Judge Norton.

No brief for the appellant.

PHILIPS, P. J.—The defendant was indicted at the March term, 1882, of the Harrison circuit court, for selling intoxicating liquors in less quantity than one gallon, without having a license therefor, or other legal authority to so sell the same.

On the trial the state proved that, in the fall of 1881 the defendant did sell to one Frank Young, blackberry brandy, at defendant's drug store in said county, in less quantity than one gallon, and that witness paid him therefor the sum of ten cents, and drank the same in said drug store. This witness further testified that he did not buy or drink the said brandy as a beverage, but as a medicine, and so advised the defendant at the time.

The evidence on the part of the defendant tended to show that he was a regularly registered pharmacist at said place, and that he was at the time a regularly registered physician of said county. The evidence also tended to prove that blackberry brandy was recognized by the United States Dispensatory as of medical utility, and that defendant sold the same in less quantity than one gallon to said Young, in good faith as a medicine, and not as a beverage.

On this state of facts the court instructed the jury to find the defendant guilty, if they believed from the evidence that he did, at the time and place in question,

sell the witness, Young, blackberry brandy in less quantity than one gallon.

The court refused to declare the law to be that, if the defendant, as such a pharmacist and apothecary, sold the brandy for medical purposes, he was not guilty.

The court found the defendant guilty, and assessed his fine at forty dollars. From this judgment the defendant has appealed.

This indictment having been drawn, and the offence committed, under the act of 1881 (Laws of Mo. 1881, p. 130), entitled "An act to regulate the sale of medicines and poisons by druggists and pharmacists," this case is to be determined by the provisions of that act.

It has been ruled by the Supreme Court, in the *State v. Roller* (77 Mo. 120), that this act of 1881 repealed the act of 1879, respecting the sale of intoxicating liquors by druggists; and that under the act of 1881 such registered pharmacist, as the evidence shows the defendant to have been at the time in question, was authorized to sell intoxicating liquors, of medical utility, for medical purposes, in less quantity than one gallon, without having the prescription of any physician therefor, and without having a license as a dramshop keeper, provided it be done in good faith.

The evidence in this case, if credited by the triers of the facts, brought the defendant clearly within the provisions of the act of 1881, authorizing him to sell the brandy as he did. The court erred, therefore, in giving the instruction it did to the jury.

Its judgment is reversed, and the cause remanded. All concur.